

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

District of Columbia

CR 05-326

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

August 18, 2005

FILED
SEP 2 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA HAND DELIVERY**

Lara Quint, Esq.
625 Indiana Ave., NW
Washington, DC 20004

Re:   **United States v. Carlos Adalberto Villalobos-Maravilla (numerous AKAs),
        Criminal Case No. 05-463M**

Dear Ms. Quint:

      This letter sets forth the plea agreement ("Agreement") this Office is willing to enter into with your client, **Carlos Adalberto Villalobos-Maravilla (numerous AKAs).** *This offer expires on August 19, 2005.* If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the Agreement. The terms of the Agreement are as follows:

      1. **Charges.** Your client agrees to waive a preliminary hearing and indictment, admit guilt and enter a plea of guilty to a one-count criminal Information, to be filed in the United States District Court for the District of Columbia, a copy of which is attached, in which your client is charged with unlawful re-entry of a removed alien in violation of 8 U.S.C. § 1326(a). Your client agrees to, and hereby does, admit (a) his guilt to the offense charge in the Information, and (b) the truthfulness facts set forth in the attached factual proffer as the basis for his admission of guilt.

      2. **Potential penalties, assessments, and restitution.** Your client understands that pursuant to 8 U.S.C. § 1326(a), the federal charge carries a maximum penalty of two (2) years imprisonment, a maximum fine of $ 250,000 under 18 U.S.C. § 3571(b)(3), or both, and a maximum period of supervised release of not more than one year under 18 U.S.C. § 3583(b)(3). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See also 18 U.S.C. § 3013. Your client further understands that the sentence in this case will be determined by the Court, guided by the

factors listed in 18 U.S.C. § 3553(a) and after consulting with and taking into account the United States Sentencing Guidelines.

    3. **Additional charges.** If your client fulfills all obligations under this plea agreement, then in exchange for your client's guilty plea, as described in paragraph 1 above, the government agrees that it will not file additional charges against your client in connection with the offense in this case, which was committed on August 12, 2005.

    4. **Release/Detention pending sentencing.** Your client agrees not to seek release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

    5. **Waiver of constitutional and statutory rights.** Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the united States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; the right to a jury trial; and (where relevant) the right to be tried in the district where the offenses were committed. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

    Your client understands that the Fifth Amendment of the Constitution of the United States protects your client from being compelled to incriminate himself and/or make self-incriminating statements in a criminal prosecution. By entering this Agreement and by agreeing to plead guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

    6. **Sentencing.** The parties to this Agreement agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines would be a reasonable sentence for your client in this case. As applied in this case, the parties agree that the Guideline applicable to the offense to which your client is pleading guilty is Section 2L1.2. The parties agree that the base level for the offense to which your client will plead guilty, Reentry of Removed Aliens, is 8. The parties agree that there are no other relevant adjustments Section 2L1.2. Accordingly, the parties agree that your client's adjusted offense level is 8. The parties agree that your client's Criminal History Category will be calculated to include any applicable convictions.

If your client **accepts this plea offer by August 19, 2005**, waives the preliminary hearing and detention hearing, enters a plea of guilty, continues to accept responsibility for his criminal conduct and to assist in the investigation and prosecution of this matter, commits no other criminal acts, and complies with all the terms and conditions of this Agreement, then the United States will not oppose a 2-level reduction in your client's Offense Level for his acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a), which will decrease your client's final adjusted offense level to 6. If those conditions are satisfied, then the United States and your client agree not to seek a sentence outside the Guideline range applicable to your client based upon Offense level 6 and the appropriate Criminal History Category.

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the United States Sentencing Guidelines but which is not bound by the Sentencing Guidelines. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this Agreement or serve as a basis for the withdrawal of your client's guilty plea entered pursuant to this Agreement. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this Agreement because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Agreement.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. Your client is aware that the parties' calculation of the sentencing ranges under the U.S. Sentencing Guidelines are not a promise of the sentences to be imposed on him and are not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742 except to the extent that the Court sentences your client to a period of imprisonment longer than the statutory maximum of 2 years. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, your client knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the United States in this agreement. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Further, your client reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

7. **Deportation.** Your client agrees that the Court may enter a stipulated judicial order of removal, pursuant to 8 U.S.C. § 1228(c). Your client agrees to execute those documents necessary to implement his removal. Your client specifically waives his right to notice and a hearing under the Immigration and Nationality Act and stipulates to the entry of a judicial order of removal from the United States as a condition of the Agreement and as a condition of probation or supervised release. Your client further understands and agrees that the filing of any applications for relief from removal, deportation or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration

Appeals, an immigration judge, or the Department of Homeland Security, U.S. Immigration and Customs Enforcement shall breach this Agreement.

8. **Interpreter.** Your client agrees that if an interpreter is required to assist your client in translating this Agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Agreement for your client into your client's native language. If no such request is made, then your client hereby declares that he understands the English language sufficiently well to read and understand this Agreement. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

9. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter, consistent with this agreement. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this Agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

10. **Prosecution by other agencies/jurisdictions.** This Agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorneys' Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Department of Homeland Security, Bureau of Immigration and Customs Enforcement; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and that no representations have been made by the United States thereon.

11. **Breach of agreement.** Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations

under this Agreement, or commits any further crimes, your client will have breached this Agreement. In the event of such a breach, (a) the United States will be free from it obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the courts of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this Agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this Agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this Agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make any false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

12. **No other agreements.** Your client represents, warrants and agrees that no or further prior and/or contemporary agreements, promises, understandings, and/or representations have been made by the parties other than those contained in this written Agreement. Your client further represents, warrants, and agrees that no future agreements, promises, understandings,

and/or representations by and/or between the parties will be valid unless they (a) are committed to writing and signed by (i) your client, (ii) your client's counsel, <u>and</u> (iii) an Assistant United States Attorney for the District of Columbia, or (b) are made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this Agreement, and return the executed Agreement to me. The original of this Agreement will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia
D.C. Bar # 451-058


CATHARINE A. HARTZENBUSCH
Assistant United States Attorney
D.C. Bar # 450-194
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001
202-353-8822

Attachments (Factual Proffer and Information)

## DEFENDANT'S ACCEPTANCE OF GUILTY PLEA AGREEMENT

I have read each of the pages constituting this plea agreement ("Agreement") and I have reviewed them with my attorney, Lara Quint, Esq. I fully understand this Agreement and agree to it. I do this voluntarily and of my own free will. No threats have been made against me to make me enter into this Agreement. I am not under the influence of any medication, drug, alcohol, or anything else that could prevent or impede me from understanding fully this Agreement.

Absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am fully satisfied with the legal services provided by my attorney in connection with this Agreement and all matters relating to it. I am entering this Agreement because I am guilty of the crimes to which I am pleading guilty.

_9/1/05_  
Date

_[signature]_  
Carlos Adalberto Villalobos-Maravilla  
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read each of the pages constituting this plea agreement ("Agreement"), reviewed it with my client, and discussed fully the provisions of the agreement with him. These pages accurately and completely set for the entire Agreement. To my knowledge, my client's decision to plead guilty has been made knowingly and voluntarily.

_9/1/05_  
Dates

_[signature]_  
Lara Quint, Esq.  
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 05-463-M |
| | : | |
| CARLOS A. VILLALOBOS-MARAVILLA | : | VIOLATION: |
| also known as Carlos Adalberto Maravilla, | : | |
| also known as Carlos M. Villalobos, | : | 8 U.S.C. § 1326(a) |
| also known as Jose Castaneda, | : | (Unlawful Reentry of a |
| also known as Manuel De Jesus Parada, | : | Removed Alien) |
| also known as Carlos A. Villalobos, | : | |
| | : | |
| Defendant. | : | |

## INFORMATION

Oor about August 12, 2005, in the District of Columbia, the defendant, CARLOS A. VILLALOBOS-MARAVILLA, also known as Carlos Adalberto Maravilla, also known as Carlos M. Villalobos, also known as Jose Castaneda, also known as Manuel De Jesus Parada, also known as Carlos A. Villalobos, an alien, was found in the United States after having been previously deported and removed from the United States, without having obtained the express

consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security of the United States to re-apply for admission into the United States.

    (**Unlawful Reentry of a Removed Alien**, in violation of Title 8, United States Code, Section 1326(a)).

                                          KENNETH L. WAINSTEIN
                                          UNITED STATES ATTORNEY
                                          D.C. Bar # 451-058

By: _____
       Catharine A. Hartzenbusch
       D.C. Bar # 450-194
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 353-8822