IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-326 (JDB) |
| | : | |
| v. | : | Judge John D. Bates |
| | : | |
| CARLOS VILLALOBOS-MARAVILLA, | : | Sentencing November 2, 2005 |
| also known as Carlos Adalberto Maravilla, | : | |
| also known as Carlos M. Villalobos, | : | |
| also known as Jose Castaneda, | : | |
| also known as Manuel De Jesus Parada, | : | |
| also known as Carlos A. Villalobos, | : | |
| Defendant. | : | |

**MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing and requests that the Court impose a sentence in the range of 0-6 months. Any request by the defendant that the Court sentence him to time served or depart downward should be denied. The United States agreed not to seek a sentence outside the Guideline range applicable to the defendant based upon a Total Offense Level of 6 (after reducing the offense level from 8 by 2 levels for an acceptance of responsibility) and the appropriate Criminal History Category. See plea agreement, paragraph 6. United States stands by that agreement. Accordingly, the United States requests that the defendant be sentenced to a period of incarceration between 0-6 months.

**Background**

On or about August 16, 2005, the defendant was initially presented to the Magistrate Judge on a charge of unlawful reentry of a removed (deported) alien. The defendant was held without bond as a flight risk pending further proceedings. At the earliest opportunity, the defendant entered into a plea agreement with the United States. Pursuant to that plea agreement,

on September 1, 2005, the United States filed a one-count information in this matter, charging the defendant with unlawful reentry of a removed alien  The defendant pled guilty to that information on September 23, 2005.

The offense of unlawful reentry of a removed alien is punishable by (i) imprisonment of up to two years pursuant to 8 U.S.C. §§ 1326(a), (ii) a fine of up to $250,000 pursuant to 18 U.S.C. §3571(b)(3), and (iii) a term of supervised release not to exceed one year pursuant to 18 U.S.C. § 3583(b)(3).  In addition, the defendant may be required to pay a special assessment of $100.  See 18 U.S.C. § 3013.

## Recommended Sentence

The United States respectfully submits that all of the sentencing objectives the Court should consider, including the nature of the offense and characteristics of the defendant, support a short sentence of incarceration, between 0-6 months of imprisonment.

The defendant is a native and citizen of El Salvador who has previously been deported from the United States.  PSR ¶ 4.  He has family in the Washington, DC area.  PSR ¶¶ 37-38.  While the defendant may have some minor dependents, there is no basis in the record for concluding the defendant provides them with any support.  PSR ¶ 39.  The defendant claims to be a legal resident, PSR ¶ 41, despite his acknowledgment through his guilty plea that he is an alien who unlawfully reentered the United States after removal or deportation.  Furthermore, the defendant has numerous prior criminal convictions, including misdemeanor assault, misdemeanor damage to property, assault and battery, and contempt, all of which convictions date from 1988 to 1996.  PSR ¶¶ 22-28.

The defendant has pled guilty to simple unlawful reentry of a removed alien. There is no evidence of any reentry by this defendant other than the charged offense. The seriousness of the offense is manifested by the statutory maximum sentence of 2 years of imprisonment. A sentence of imprisonment no longer than 6 months would impose just punishment and a sufficient deterrent effect.

A short sentence of incarceration up to 6 months also would promote respect for the law and protect the public. Merely deporting the defendant would not provided adequate deterrence. Imposing a probationary sentence or a sentence equivalent to "time served" would signal to the public that the offense is not taken seriously by the Court. By imposing a short period of incarceration no longer than 6 months, the public would be assured that criminal offenses will be punished, and the time in prison will make the defendant think twice about repeating his criminally offensive behavior upon release.

Finally, a sentence of incarceration will effectively provide the defendant with access to educational and vocational resources as well as continued medical care. The nature of some of the defendant's past criminal arrests and convictions (for example, misdemeanor assault and damage to property, hit and run, possession of marijuana) (PSR ¶¶ 23, 31 &33) suggests the defendant may have an alcohol or substance abuse problem. Any needs of the defendant in these areas can be met in prison.

To the extent the defendant identifies the defendant's status as a deportable alien as a possible ground for a reduced sentence, pursuant to United States v. Smith, 27 F.3d 649 (D.C. Cir. 1999), the Court should reject such a request because the defendant has not identified any

factors that are present to such a an exceptional degree that his status as a deportable alien should dictate a more lenient sentence.

The direction of the D.C. Court of Appeals in <u>Smith</u> was that the application of a departure was to be "highly infrequent" (27 F.3d at 655) and that it is only to be applied in those rare situations in which "a particular case presents atypical features."  <u>Smith</u>, <u>supra</u>, 27 F.3d at 654.  In drug cases, like <u>Smith</u>, it can be argued that different offenders (for example, two drug dealers, otherwise similarly situated except that one is an alien) are subjected to different treatment.  However, the same cannot be said in immigration cases, because a defendant's status as a deportable alien is most definitely *not* "atypical" of all other defendants convicted of reentry after deportation.

It is an inescapable fact that defendants in reentry after deportation cases will be subjected to further deportation hearings at the conclusion of the sentences imposed.  The United States requests, therefore, that the Court reject any invitation of the defendant to impose a lenient sentence or a sentence of "time served" because of his status as a deportable alien.

**Conclusion**

In this case, the United States respectfully requests that the Court impose a 0-6-month sentence of imprisonment.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Catharine A. Hartzenbusch
Assistant United States Attorney
D.C. Bar No. 450-194
555 Fourth Street, NW, Room 11-449
Washington, DC 20530
(202) 353-8822
Catharine.Hartzenbusch@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I will cause to have the foregoing served upon counsel for the defendant, Lara Quint, Esq., by electronic filing this 1st day of November, 2005.

_____
Catharine A. Hartzenbusch
Assistant United States Attorney